Lawrence D. Mandel
The Law Offices of Richard Malagiere
250 Moonachie Road
Suite 102
Moonachie, NJ  07074
(201) 440-0675
Attorneys for Plaintiff

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| AMERICAN GLASSCRAFTERS, INC.<br><br>Plaintiff,<br><br>v.<br><br>TOMLIN INDUSTRIES INC., CAML TOMLIN, TOMLIN GROUP, and SLIK PORTFOLIO,<br><br>Defendants. | CIVIL ACTION NO.<br><br>**COMPLAINT AND JURY DEMAND** |

AMERICAN GLASSCRAFTERS, INC. by its attorney, Lawrence D. Mandel, Esq., for

its complaint against, TOMLIN INDUSTRIES, INC., CAML TOMLIN, TOMLIN GROUP, and

SLIK PORTFOLIO hereby alleges as follows:

1.      Plaintiff, AMERICAN GLASSCRAFTERS, INC., ("Glasscrafters") is a New

Jersey corporation having a business address at 193 Veterans Blvd., Carlstadt, New Jersey

07072.

2.      Upon information and belief, Defendants, TOMLIN INDUSTRIES, INC., CAML

TOMLIN, TOMLIN GROUP, and SLIK PORTFOLIO (collectively known as "Tomlin") are

Canadian Corporations and/or Canadian business entities, are related and/or affiliated Canadian

business entities, all with an address at 145 Northfield Drive West, Waterloo, Ontario N2L 5J3.

**JURISDICTION AND VENUE**

3.     This is a Civil Action arising under the Federal Trademark Act of 1947, as amended, 15 U.S.C. § 1051, *et. seq.*, the common law of the State of New Jersey, the New Jersey Unfair Competition Act, N.J.S.A. § 56:4-1, *et. seq.*, and the New Jersey Trademark Act, N.J.S.A. § 56:3-13.1a, *et. seq.*  This Court has subject matter jurisdiction under the provisions of 15 U.S.C. § 1121, 28, U.S.C. § 1331 and 28 U.S.C. § 1367.  Defendants are transacting and doing business within this judicial district; have contracted to supply goods and/or services into this judicial district; regularly do or solicit business or engage in a persistent course of conduct or derive substantial revenue from goods and/or services used or consumed within this judicial district and derive substantial revenue from interstate commerce; and are subject to the jurisdiction of this Court, pursuant to the laws of this State and Rule 4 of the Federal Rules of Civil Procedure.  Venue is proper in this district pursuant to 28 U.S.C. § 1391.

**FACTS COMMON TO ALL CAUSES OF ACTION**

4.     Plaintiff is a leading manufacturer of shower doors and shower panels and accessories for shower doors in the United States.

5.     Plaintiff has used the mark MATRIX since at least as early as September 26, 2008 to distinguish its goods, namely "metal door knobs and door handles for shower doors; shower doors; shower panels; towel bars."

6.     Through its extensive sales and advertising, Plaintiff has developed extensive good will throughout the United States with respect to the mark MATRIX.

7.     Plaintiff is the owner of U.S. Trademark Application Serial No. 86/210,337.

8.     Plaintiff's MATRIX trademark is used in conjunction with what is promoted as modern sliding door technology which creates a truly frameless sliding enclosure.

9.      Defendants market and sell baths, shower doors and low profile bases.

10.     Defendants are selling shower doors for use in an alcove installation, corner installation, tub shower door and square shower door with the mark MATRIX.

11.     Defendants are producing and selling competing products under the identical trademark as Plaintiff.

12.     Defendants have acted with full knowledge of Plaintiff's rights.

<u>COUNT I</u>
<u>FALSE DESIGNATION OF ORIGIN</u>

13.     Plaintiff repeats and realleges the allegations of Paragraphs 1 through 12 hereof with the same force and affect as if set forth herein at length.

14.     Defendants' unauthorized use of MATRIX tends to falsely represent that Defendants are connected with or that Defendants' activities are authorized by Plaintiff and is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection or association of Defendants with Plaintiff, or as to the origin, sponsorship, or approval of Defendants' goods or commercial activities by Plaintiff.  Any failure of Defendants to maintain acceptable standards of quality and service will reflect adversely on Plaintiff and cause irreparable harm to Plaintiff.

15.     Plaintiff has no control over the quality of the goods sold by Defendants, and because of the confusion as to the source engendered by Defendants, Plaintiff's valuable good will in respect of its trademark is at the mercy of Defendants.

16.     Said actions of Defendants constitute a violation of 15 U.S.C. § 1125(a) in that such false designations and representations of origin and quality have been and continue to be used on or in connection with goods sold by Defendants or which affect commerce.

17.     Defendants' false designation of origin and quality has caused substantial and irreparable damage and injury to Plaintiff, for which Plaintiff has no adequate remedy at law.

## COUNT II
## DILUTION

18.     Plaintiff repeats and realleges the allegations of Paragraphs 1 through 17 hereof with the same force and affect as if set forth herein at length.

19.     Defendants' actions constitute a violation of 15 U.S.C. § 1125(c) in that such use of MATRIX has caused and will continue to cause dilution of the distinctive quality of Plaintiff's mark MATRIX.

## COUNT III
## COMMON LAW UNFAIR COMPETITION

20.     This count arises under the New Jersey common law of Unfair Competition. Jurisdiction is supplemental to Count I pursuant to U.S.C. § 1367.   Venue is proper in this district under 28 U.S.C. § 1391.

21.     Plaintiff repeats and realleges the allegations of Paragraphs 1 through 20 hereof with the same force and affect as if set forth herein at length.

22.     By Defendants' unauthorized use of MATRIX, Defendants are guilty of unfair competition in violation of the New Jersey Common Law of Unfair Competition and are likely to cause confusion, mistake or to deceive the public.

23.     Defendants' unlawful conduct will continue to damage Plaintiff unless enjoined by this court.  Plaintiff has no adequate remedy at law.

## COUNT IV
## NEW JERSEY STATUTORY UNFAIR COMPETITION

24.     Plaintiff repeats and realleges the allegations of Paragraphs 1 through 23 hereof with the same force and affect as if set forth herein at length.

25.     Defendants' unauthorized use of MATRIX in connection with their sales and marketing of goods constitutes appropriation of Plaintiff's trademark, reputation and good will in direct violation of the New Jersey Unfair Competition Act, N.J.S.A. § 56:4-1.

26.     The activities of Defendants alleged herein have caused and, if not enjoined, will continue to cause, irreparable harm to the rights of Plaintiff.  Plaintiff has no adequate remedy at law.

## COUNT V
## NEW JERSEY TRADEMARK ACT

27.     Plaintiff repeats and realleges the allegations of Paragraphs 1 through 26 hereof with the same force and affect as if set forth herein at length.

28.     Defendants' unauthorized use of MATRIX in connection with their sales and marketing of goods constitutes appropriation of Plaintiff's trademark, in direct violation of the New Jersey Trademark Act, N.J.S.A. § 56:3-13.16.

29.     The activities of Defendants alleged herein have caused and, if not enjoined, will continue to cause, irreparable harm to the rights of Plaintiff.  Plaintiff has no adequate remedy at law.

WHEREFORE, Plaintiff prays for judgment that:

(a)     Defendants have, by their unauthorized use of a mark confusingly similar to Plaintiff's trademark  used and applied false designations of origin, diluted the distinctive quality of Plaintiff's trademark, competed unfairly with Plaintiff and have injured Plaintiff's good will and business reputation, in violation of Federal and State Law and have done so willfully all to the detriment of Plaintiff.

(b)     Defendants, their agents, servants, employees, successors and assigns and all persons in active concert, privity, or participation with Defendants, be preliminarily and

permanently enjoined from using any false designation or false description or representation, from engaging in any act or series of acts which either alone or in combination constitutes deceptive or unfair methods of competition by Defendants with Plaintiff and from otherwise interfering with or injuring the business reputation of Plaintiff, or diluting the distinctive quality of the Plaintiff's trademark or the good will associated therewith.

(c)     Defendants be required to account for and pay over to Plaintiff, Defendants' profits and any damages suffered by Plaintiff as a result of Defendants' acts of false designation of origin, and unfair competition, together with interest and costs.

(d)     Defendants be required to pay to Plaintiff an amount three times the profits of Defendants or damages of Plaintiff.

(e)     Defendants be required to pay an award of punitive damages to Plaintiff.

(f)     Defendants be required to cease all use of the mark MATRIX or any mark confusingly similar to Plaintiff's trademark.

(g)     Defendants be ordered to surrender for destruction all products, signs, labels, advertisements and other materials constituting false designation of Plaintiff's trademark or unfair competition with Plaintiff.

(h)     Defendants be required to pay Plaintiff the costs of this action, together with reasonable attorney's fees, costs and disbursements.

(i)     Plaintiff be awarded such other and further relief, as this Court deems just and equitable.

## DEMAND FOR TRIAL BY JURY

Plaintiff demands trial by jury on all issues so triable in this matter.

## CERTIFICATION PURSUANT TO LOCAL CIVIL RULE 11.2

Pursuant to Local Civil Rule 11.2, it is stated that the matter in controversy is not the subject of any other action pending in any court or of a pending arbitration or administrative proceeding to the best of our knowledge or belief.  Also, to the best of our knowledge or belief, no other action, administrative proceeding or arbitration is contemplated.

The Law Offices of Richard Malagiere

By:

Dated:  September 24, 2014

Lawrence D. Mandel
250 Moonachie Road, Suite 102
Moonachie, NJ  07074
(201) 440-0675
Attorneys for Plaintiff

7